UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE G.,

    Plaintiff,

v.

Case No. 23-cv-10387
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER: (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 12, 2024 REPORT AND RECOMMENDATION; (2) ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATIONS; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On February 14, 2023, Plaintiff filed this lawsuit challenging Defendant's final decision denying her application for social security benefits. (ECF No. 1.) This Court subsequently referred the lawsuit to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.) The parties then filed cross-motions for summary judgment. (ECF Nos. 12, 13.)

1

On February 12, 2024, Magistrate Judge Ivy issued an R&R recommending that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's disability decision.  At the conclusion of the R&R, Magistrate Judge Ivy advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  Plaintiff filed objections on February 26 (ECF No. 17), and Defendant responded to those objections on March 11 (ECF No. 18).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff asserts two objections to the R&R.  First, Plaintiff contends:

> The ALJ and Commissioner improperly equate purported "improvement" of [her] Crohn's symptoms with non-disability despite uncontroverted evidence that Plaintiff's Crohn's symptoms required her to spend prolonged

> periods of time (20-30 minutes) in the restroom each time—such unscheduled, prolonged periods spent in the restroom, even at 3-4 bowel movements a day, would be work preclusive.

(ECF No. 17 at PageID. 1769.)  This does not assert an error in Magistrate Judge Ivy's analysis, however.  Instead, Plaintiff merely repeats the same arguments she made before Magistrate Judge Ivy.

Such objections are improper, as other district judges have observed:

> This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources.

*Bialo v. Comm'r of Soc. Sec.*, No. 20-cv-10671, 2021 WL 4350534, at *1 (E.D. Mich. Sept. 24, 2021) (quoting *Owens v. Comm'r of Soc. Sec.*, No. 1:12-cv-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013)) (internal citations omitted in *Bialo*).  Objections must "address specific concerns with the magistrate[ judge's] report."  *Howard v. Sec. of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that the district judge "shall make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*") (emphasis added).

Magistrate Judge Ivy has already addressed Plaintiff's arguments regarding the ALJ and Commissioner's decision in his well-reasoned R&R.  The Court

3

agrees with his thorough analysis for why substantial evidence in the record negates a conclusion that she is disabled for purposes of the Social Security Act. Therefore, the Court rejects Plaintiff's first objection.

In her second objection, Plaintiff objects to Magistrate Judge Ivy's conclusion that the ALJ properly considered opinion evidence from Plaintiff's former employer, Pamela Richardson.  Specifically, Plaintiff takes issue with Magistrate Judge Ivy's observation that Ms. Richardson's review relates to Plaintiff's work performance before the relevant period.  Plaintiff argues that evidence outside the relevant period still should be considered "to the extent it illuminates the claimant's health within that time frame."  (ECF No. 17 at PageID. 1773.)  Plaintiff argues the evidence does illuminate her condition.

Magistrate Judge Ivy disagreed, however.  (*See* ECF No. 16 at PageID. 1759.)  He reasoned that Plaintiff's work performance before the relevant period was not illustrative of her ability to work during the relevant period in light of "relevant medical records largely show[ing] symptom control[]" after she left this previous employment.  (*See id*.)  As set forth in detail in the R&R, this conclusion is supported by substantial evidence in the record.  Plaintiff does not take issue with this reasoning in her objections.

For these reasons, the Court rejects Plaintiff's objections to the R&R and is adopting Magistrate Judge Ivy's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**;

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 13) is **GRANTED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 18, 2024

5